U.S DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED
2014 JUN 23  P 4: 38

DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 1:14-cr-00059-JAW |
| v. ) | |
| ) | |
| ROBERT BERG ENTERPRISES, INC. ) | |
| D/B/A BERG SPORTSWEAR ) | |

### AGREEMENT TO PLEAD GUILTY
### (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Thomas E. Delahanty II, United States Attorney for the District of Maine, and Joel B. Casey, Assistant United States Attorney, and Robert Berg Enterprises, Inc. d/b/a Berg Sportswear (hereinafter "Defendant"), acting for itself and through its counsel, Richard Berne, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1.   Guilty Plea. Defendant agrees to waive indictment and plead guilty to Count One of the Information herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count One of the Information charges the defendant with trafficking in counterfeit goods in violation of Title 18, United States Code, Section 2320(a)(1).

2.   Sentencing/Penalties. Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charge described above is a maximum fine of $5,000,000 and a special assessment of $400.

In addition to the other penalties provided by law, the defendant agrees to pay restitution in an amount to be determined by the Court at the time of sentencing pursuant to 18 U.S.C. § 3663 or § 3663A.

1

3. <u>Agreements Regarding Sentencing</u>.

   A. The parties agree to make a non-binding recommendation that the Court find that the defendant has accepted responsibility for the offense of conviction, and that the Court should reduce the defendant's Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The government reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between its execution of this Agreement and sentencing, the defendant (a) fails to admit a complete factual basis for the plea, (b) fails to truthfully admit its conduct in the offense of conviction, c) engages in conduct which results in an adjustment under U.S.S.G. §3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which the defendant is accountable under U.S.S.G. §1B1.3; or (e) engages in new criminal conduct. Defendant understands that it may not withdraw the guilty plea if, for any of the reasons listed above, the government does not recommend that it receive a reduction in Offense Level for acceptance of responsibility.

The parties agree and understand that should the Court reject this recommendation, the Defendant will not thereby be permitted to withdraw its plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

   A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

   B. The imposition of a fine that does not exceed $20,000.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The fine amount mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

   A. The United States may use any statement that Defendant made pursuant to this agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

   B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such

a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 5-1-14

_____
Robert Berg Enterprises, Inc. d/b/a Berg Sportswear
By Robert Berg, President

I am legal counsel for Robert Berg Enterprises, Inc. d/b/a Berg Sportswear. I have carefully reviewed every part of this Agreement with Robert Berg, the President of Robert Berg Enterprises, Inc. d/b/a Berg Sportswear. To my knowledge, Robert Berg Enterprises, Inc. d/b/a Berg Sportswear's decision to enter into this Agreement is an informed and voluntary one.

Date: 4/24/14

_____
Richard Berne, Esquire
Attorney for Defendant

FOR THE UNITED STATES:    Thomas E. Delahanty II
            United States Attorney

Date: 5/5/14

            _____
            Joel B. Casey
            Assistant U.S. Attorney


      Approved: _____
            Supervisory Assistant U.S. Attorney

Revised 7/15/10